

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*overruled by*
*WW-1379;*
*where conflicts*

Hon. Jack Wiech
County Attorney
Cameron County
Brownsville, Texas

Dear Sir:                    Attention of Mr. Wm. Scanlan

Opinion No. O-1695
Re: What is the proper distribution
of proceeds in the sale of pro-
perty under delinquent tax lien
foreclosure under Article 7345b?

When do county attorney's fees
provided for under Article 7332
accrue in delinquent tax suits
under Article 7345b?

Your request for an opinion on the above stated
question has been received by this department.

Your letter reads in part as follows:

"With reference to our question numbered
one, please be advised that the taxing agencies
of this County have for some time past proceed-
ed under Art. 7345b, Revised Civil Statutes of
Texas, 1925, in suits to foreclose delinquent
tax liens. We have now arrived at the point
where property having been so foreclosed upon
was sold, and certain questions have arisen with
reference to the distribution of cash obtained
from the proceeds of such sale. The two methods
of distribution contended for are set out in
forms prepared for said purpose and enclosed
herewith for better explanation of the questions
involved.

"In the particular example under considera-
tion, there are ten acres of land which are
taxed by six municipalities, to wit: State,
County, Drainage District, Water District, Navi-
gation District, and Independent School District.

Hon. Jack Wiech, Page 2

The taxes for the State of Texas, County, and the Drainage District are collected by the County Assessor and Collector, and delinquent tax suits for said agencies are prosecuted by the County Attorney of this County. The Water District, Navigation District, and Independent School District each has its own assessor and collector; however, these three municipalities have employed the same attorney to bring suits for them to collect delinquent taxes.

"Upon the ten acres involved taxes were delinquent for a period of years, the total tax, penalty, interest and line cost for all agencies totaling $700, for which principal amount judgment was taken in our District Court under said Art. 7445b. The Court in said proceeding fixed an adjudged value under Sec. 5 of said Article, upon the said ten acres at $500. The property was sold under order of sale and purchased by the Water District for the use and benefit of itself and all other taxing units which were parties to the suit by authority of Sec. 9 of said Article. Subsequent thereto, the said Water District sold the said property to a private individual at the price of $500, same being the adjudged value of the said property in said foreclosure suit."

".....and in said foreclosure suit, investigating costs in the amount of $10 were proved, as were ten per cent (10%) of the tax, penalty, interest, and line cost, on amounts due the Water, Navigation, and Independent School Districts, allowed as attorney's fees, which amounts were written into said judgment.

"It is now the contention of the attorney representing said Water, Navigation and Independent School Districts that the proceeds from said sale should be distributed as set out in Exhibit "B" enclosed herewith, in which the district court costs, costs of investigation, and ten per cent (10%) of the principal amount

405

of tax, penalty} interest and line cost,
due the said Water District, Navigation
District and Independent School District,
as attorney's fees, are deducted from the
amount obtained from the sale of said pro-
perty, and paid in cash, the remainder there-
of to be prorated amongst the various taxing
agencies, pro rata and in proportion to the
amounts of their respective tax liens as es-
tablished in said judgment.

"........

"Kindly let us have the opinion of your
office as to the proper distribution of pro-
ceeds in the sale of property under delinquent
tax lien foreclosure. (Art. 7345b).

"With reference to our second question,
Art. 7332, Revised Civil Statutes of Texas,
1925, provides for the fees of the County
Attorney in representing the State and County
in all suits against delinquent tax payers and
also sets out the compensation for services
rendered therein by certain other county offi-
cials. The said Act, as finally amended in
1931, certainly was enacted by the Legislature
without having before it Art. 7345b, which
latter Act was not passed until the 45gh Legis-
lature in 1937.

"In instances where the State institutes
the proceeding under Art. 7345b, or where some
other taxing agency institutes same and it is
carried to judgment, there is no inconvenience
or difficulty in applying the said Art. 7332
for the taxing of fees due the various county
officers. However, in instances in which a
suit is brought under Art. 7345b by some other
taxing agency and the State and County are im-
pleaded as parties defendant, but before the
filing of the tax claim for the State and County
in said suit, the suit is dismissed at plain-
tiff's cost, it has been the contention of the
taxing agencies bringing said suit that the fees

Hon. Jack Wiech, Page 4

due the County Attorney and provided for in
Art. 7332, do not accrue and are not payable.

"Therefore, we sincerely request your
advice as to when county attorney's fees pro-
vided for in Art. 7332 accrue in suits in-
stituted by taxing units under Art. 7345b,
and in which the State and County are implead-
ed as parties defendant, or intervene therein."

We quote Sections 5, 6, 8 and the first paragraph
of Section 9 of Article 7345b, Vernon's Civil Annotated
Statutes as follow:

"Sec. 5. Upon the trial of said cause
the Court shall hear evidence upon the reason-
able fair value of the property, and shall
incorporate in its judgment a finding of the
reasonable fair value thereof, in bulk or in
parcels, either or both, as the Court may deem
proper, which reasonable fair value so found
by the Court is hereafter sometimes styled
'adjudged value', which 'adjudged value' shall
be the value as of the date of the trial and
shall not necessarily be the value at the time
the assessment of the taxes was made; provid-
ed, that the burden of proof shall be on the
owner or owners of such property in establish-
ing the 'fair value' or adjudged value as pro-
vided in this section and, provided further that
this section shall only apply to taxes which
are delinquent for the year 1935 and prior years.

"Sec. 6. All court costs, including costs
of serving process, in any suit hereafter
brought by or in behalf of any taxing units for
delinquent taxes in which suits all other tax-
ing units having a delinquent tax claim against
such property of any part thereof, have been
impleaded, together with all expenses of fore-
closure sale and such reasonable attorney's
fees as may be incurred by the interpleaded or
intervening taxing units, not exceeding ten per
cent (10%) of the amount sued for, such attor-
ney's fees to be subject to the approval of
the court together with such reasonable expenses
as the taxing units may incur in procuring data
and information as to the name, identity and
location of necessary parties and in procuring

Hon. Jack Wiech, Page 5

necessary legal descriptions of the property, shall be chargeable as court costs.

"Sec. 8. No property sold for taxes under decree in such suit shall be sold to the owner of said property, directly or indirectly, or to anyone having an interest therein, or to any party other than a taxing unit which is a party to the suit, for less than the amount of the adjudged value aforesaid of said property or the aggregate amount of the judgments against the property in said suit, whichever is lower, and the net proceeds of any sale of such property made under decree of court in said suit to any party other than any such taxing unit shall belong and be distributed to all taxing units which are parties to the suit which by the judgment in said suit have been found to have tax liens against such property, pro rata and in proportion to the amounts of their respective tax liens as established in said judgment, but any excess in the proceeds of sale over and above the amount necessary to defray the costs of suit and sale and other expenses hereinabove made chargeable against such proceeds, and to fully discharge the judgments against said property, shall be paid to the parties legally entitled to such excess.

"Sec. 9. If the property be sold to any taxing unit which is a party to the judgment under decree of court in said suit, the title to said property shall be bid in and held by the taxing unit purchasing same for the use and benefit of itself and all other taxing units which are parties to the suit and which have been adjudged in said suit to have tax liens against such property, pro rata and in proportion to the amount of the tax liens in favor of said respective taxing units as established by the judgment in said suit, and costs and expenses shall not be payable until sale by such taxing unit so purchasing same, and such property shall not be sold by the taxing unit purchasing same for less than the adjudged value thereof or the amount of the judgments against the property in said unit, whichever is lower, with-

408

out the written consent of all taxing units
which in said judgment have been found to
have tax liens against such property; and
when such property is sold by the taxing
unit purchasing same, the proceeds thereof
shall be received by it for account of it-
self and all other said taxing units ad-
judged in said suit to have a tax lien
against such property, and after paying all
costs and expenses, shall be distributed
among such taxing units pro rata and in pro-
portion to the amount of their tax liens
against such property as established in
said judgment. Consent in behalf of the
State of Texas under this Section of this
Act may be given by the County Tax Collector
of the county in which the property is locat-
ed."

Article 7332, Vernon's Civil Statutes, provides
that the county or district attorney shall represent the
State and county in all suits against delinquent tax pay-
ers and definitely provides certain fees for the county
or district attorney for the services named therein. We
quote from this article as follows:

".....Provided, that the fees herein pro-
vided for in connection with delinquent tax
suits shall constitute the only fees that
shall be charged by said officers for prepar-
ing, filing, instituting, and prosecuting suits
on delinquent taxes and securing collection
thereof, and all laws in conflict herewith are
hereby repealed.

"In case the delinquent tax-payer shall
pay to the collector the amount of delinquent
taxes for which he is liable, together with accru-
ed interest after the filing of suit before judg-
ment is taken against him in the case, then,
only one-half of the fees taxable in such a case,
as provided for herein, shall be charged against
him....."

Article 7333, Vernon's Civil Statutes, reads as
follows:

"In each case such fees shall be taxed as

Hon. Jack Wiech, Page 7

costs against the land to be sold under judg-
ment for taxes, and paid out of the proceeds
of sale of same after the taxes, penalty and
interest due thereon are paid, and in no case
shall the State or county be liable therefor."

By Section 9 of Article 7345b, supra, the Legis-
lature has specifically provided that all costs and ex-
penses in the suit under this statute shall be paid prior
to the apportionment to the various taxing units of their
respective shares and proceeds from the tax sale. It is
called to your attention, however, that the costs and ex-
penses incurred in such a tax suit are not payable until
after sale of the property is made by the taxing unit
which purchased the same at the original sale. In Section
9, supra, the Legislature specifically provided "and costs
and expenses shall not be payable until sale by such tax-
ing unit so purchasing same." None of the court costs or
expenses may be paid until after the property has been sold
by the taxing unit which purchased the same in the first
sale and after said sale, said costs are to be paid first
out of the proceeds of such sale and the balance of the
proceeds of such sale, after all costs and expenses have
been paid, must be distributed to all taxing units which
are parties to the suit which by the judgment in said suit
have been found to have tax liens against said property,
pro rata, and in proportion to the amounts of their re-
spective tax liens as established in said judgment.

Section 6 of Article 7345b, supra, deals with
what may be allowed as court costs. No where in this sec-
tion does it provide that taxing units shall pay an attor-
ney's fee of 10%. Furthermore, no where in this section
is it provided that 10% may be charged in every case as
court costs for attorney's fees. It is provided, however,
that such reasonable fees as may be incurred by the inter-
pleader or intervening taxing units and not exceeding 10%
of the amount sued for, may be charged. In other words,
if a taxing unit contracted with an attorney to pay him
5% for his services, then only this 5% would be chargeable
as court costs because that would be the reasonable attor-
ney's fees that would be incurred by that particular inter-
pleader or intervening taxing unit. However, if that same
taxing district contracts with an attorney to pay him 15%

Hon. Jack Wiech, Page 8

as his attorney's fees, only 10% of that amount would be chargeable as court costs. To bear this out is the fact that the act does not provide for 10% attorney's fees in every case but provides for the allowance of attorney's fees as incurred not exceeding 10%.

While Section 6 of Article 7345b, supra, applies to all taxing units, it is evident that the part which refers to attorney's fees as court costs does not apply to the county or district attorney. This is true because this section reads, in part, as follows:

"...Such reasonable attorney's fees as may be incurred by the interpleader or intervening taxing units...."

The particular language above quoted shows the legislative intention that the same shall not apply to the county attorney's fee or district attorney's fees because of the fact that the State and county are prohibited by Article 7333, supra, from incurring any attorney's fee. The fees of the county or district attorney are set out by Article 7332, supra, and in no case may the State or county be liable for the same under Article 7333, supra, which article also requires that said fee be charged as court costs.

In answer to your second question you are respectfully advised that it is the opinion of this Department that the district or county attorney is not entitled to the fees provided by Article 7332, supra, in tax suits filed under Article 7345b, by a taxing unit other than the State and county where the district or county attorney does not file an answer or claim for the State and county. Fees are primarily allowed for some specific service preformed and where no service is rendered no fee can be charged or allowed unless specifically authorized by statute.

Trusting that the foregoing fully answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

APPROVED JAN 12, 1940

AW:AW

Ardell Williams
Assistant